ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 13 2005

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE DALE WHITWORTH § § Petitioner, § § VS. § § DOUGLAS DRETKE, Director § Texas Department of Criminal Justice, § Correctional Institutions Division § § Respondent. § | NO. 3-05-CV-0180-B |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Wayne Dale Whitworth, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner pled guilty to murder and was sentenced to 30 years confinement. No appeal was taken. Instead, petitioner challenged his conviction on collateral review in state and federal court. Both writs were denied. *Ex parte Whitworth*, No. 41,762-01 (Tex. Crim. App. Jun. 9, 1999); *Whitworth v. Cockrell*, 2001 WL 1631506 (N.D. Tex. Dec. 17, 2001). Leave to file a second or successive federal writ was denied by the Fifth Circuit. *In re Whitworth*, No. 03-10641 (5th Cir. Sept. 4, 2003).

Petitioner now seeks federal habeas relief for a third time. In four related grounds, petitioner contends that a pretrial psychiatric examination was never performed as ordered by the trial court which would have shown he was incompetent to stand trial. Before addressing these claims, the

court must determine whether petitioner can file a successive habeas petition without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

DATED: April 13, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE